IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ADRIAN DONTE' WILSON                                                         PETITIONER

VS.                                                   CIVIL ACTION NO. 3:21-cv-723-CWR-FKB

BRAND HUFFMAN                                                                RESPONDENT

## REPORT AND RECOMMENDATION

Andrian Donte' Wilson is a state prisoner who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as untimely [10], to which Wilson has failed to respond. The undersigned recommends that the motion be granted and the petition dismissed with prejudice.

Wilson was tried and convicted in the Circuit Court of Copiah County, Mississippi, of two counts of burglary of a building. He was sentenced to a term of fourteen years. The Mississippi Court of Appeals affirmed Wilson's conviction and sentence on December 11, 2018. *Wilson v. State*, 276 So.3d 1241 (Miss. Ct. App. 2018). His petition for rehearing was denied on May 7, 2019. He failed to file a timely petition for certiorari to the Mississippi Supreme Court.[1] On November 13, 2019, Wilson filed in the Mississippi Supreme Court an application for leave to proceed in the trial court with a motion for post-conviction relief. [11-6] at 33. The application was denied on December

---

[1] Pursuant to Miss. R. App. P. 17(b), Wilson had 14 days after his petition for rehearing was denied in which to file a petition for certiorari to the Mississippi Supreme Court. Thus, his 14-days expired on May 21, 2019. On June 10, 2019, Wilson filed with the supreme court a document entitled "Request for Removal to Appeal to the Mississippi Supreme Court." [11-4] at 4. By order dated July 16, 2019, the supreme court construed the document as a petition for writ of certiorari and dismissed it as untimely. [11-4] at 3.

11, 2019.  [11-6] at 31.  Wilson filed his § 2254 petition in this court on or after October 27, 2021.[2]

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Because Wilson failed to file a timely petition for writ of certiorari to the Mississippi Supreme Court, his judgment became final when his 14-day period

---

[2] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court.  *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999).  Wilson failed to sign or date his petition, but the mailed envelope reflects that it was accepted by prison officials for mailing on October 27, 2021.  It was file-stamped by this court on November 8, 2021.

under Miss. R. App. P. 17(b) for doing so expired, *i.e.*, on May 21, 2019 (14 days after May 7, 2019). See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Wilson had one year from that date, or until May 21, 2020, in which to file for federal habeas relief, subject to tolling under § 2244(d)(2) for any period during which a properly-filed motion for post-conviction relief was pending in the state court. Under § 2244(d)(2), Wilson is entitled to 29 days of statutory tolling for the time during which his state court post-conviction action was pending (November 13, 2019 through December 11, 2019). Thus, his one year expired on June 19, 2020 (one year from May 21, 2019, plus 29 days), and his federal petition, filed on or after October 27, 2021, is untimely. Furthermore, he has not shown that he is entitled to equitable or tolling or that any other exception applies. Accordingly, the undersigned recommends that the motion to dismiss be granted and the petition dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[3] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 5th day of July, 2022.

                                                     s/ F. Keith Ball
                                                     United States Magistrate Judge

---

[3] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. See Fed. R. Civ. P. 5(b)(2)(C).